UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASITY WATKINS, as Guardian of the Person and Estate of AIDEN GREEN, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 18 C 1297 |
| v. | ) ) | Judge Durkin |
| VHS WEST SUBURBAN MEDICAL CENTER, INC.; MARY LEUNG, R.N.; KARRI MacMILLAN, D.O.; and UNITED STATES OF AMERICA, | ) ) ) ) ) ) | Formerly Case No. 16 L 5282 Circuit Court of Cook County, Illinois |
| Defendants. | ) | |

**UNITED STATES' MOTION
TO DISMISS FOR LACK OF JURISDICTION**

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to dismiss plaintiff's third amended complaint (as to the United States only) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) without prejudice to plaintiff filing a *new* case against the United States, and in support states as follows:

1. Plaintiff Chasity Watkins, as Guardian of the Person and Estate of Aiden Green, a minor, commenced the above civil action in the Circuit Court of Cook County against VHS West Suburban Medical Center, Inc.; Mary Leung, R.N.; Karri MacMillan, D.O., Natasha Diaz, M.D., and Tyler Callahan, D.O., alleging medical malpractice. For purposes of this lawsuit, PCC Community Wellness Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Drs. Natasha Diaz and Tyler Callahan, were acting within the scope of their employment at the PCC Community Wellness Center with respect to the incidents referred to in the complaint.

2. This case was removed to this court on February 21, 2018, and the United States was substituted as the federal defendant in place of Drs. Natasha Diaz and Tyler Callahan pursuant to 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action was "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

3. The court granted the United States' motion to dismiss without prejudice on February 28, 2018, because plaintiff had not exhausted her administrative remedies. (She had presented an administrative claim in November 2017, but it had not been denied nor had six months passed, so her case against the United States was premature.)

4. After the required six months had passed earlier this month without a denial, plaintiff moved to file an amended complaint adding the United States to this case, which the court granted on May 25, 2018, prior to the date of presentment and ordered the United States to respond within 28 days. To avoid delay, the Unites States is responding the same day. Plaintiff should not have been permitted to file the third amended complaint because she is required to file a *new* case under the plain language of the FTCA, which provides in § 2675 that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," language that the Supreme Court describes as "unambiguous." *McNeil v.*

2

*United States*, 508 U.S. 106, 111 (1993); *Wess v. U.S. Gov't*, No. 10 C 4555, 2010 WL 4386861, at *2 (N.D. Ill. Oct. 28, 2010) ("A plaintiff who files a premature FTCA claim, and subsequently exhausts his administrative remedies, must file a new complaint in federal district court."); *White v. United States*, No. 16-CV-0968, 2017 WL 3437384, at *5 (S.D. Ill. Aug. 10, 2017) (". . . when a plaintiff files suit prior to exhaustion, a court must dismiss the case, and the plaintiff must file a new case."); *Seagrave v. United States*, No. 04-CV-1017, 2005 WL 1221868, at *1 (S.D. Ind. Apr. 5, 2005) (". . . where an action is filed against the United States without having satisfied a jurisdictional claims process, and where that claims process is completed during the pendency of the suit, or in this case after the suit is filed, the suit may not continue or be re-opened, but a new suit must be filed.").

     5.    Once plaintiff files and serves a new case against the United States, that new case can be deemed related to this case, and the court can consolidate the two cases, thereby avoiding any jurisdictional issues that would be present under the current circumstances.

     WHEREFORE, the third amended complaint should be dismissed without prejudice *as to the United States* for failure to satisfy the requirement that no FTCA case be filed until after exhaustion of administrative remedies.

                       Respectfully submitted,

                       JOHN R. LAUSCH, Jr.
                       United States Attorney

                       By: s/ Thomas Walsh
                          THOMAS P. WALSH
                          Assistant United States Attorney
                          219 South Dearborn Street
                          Chicago, Illinois 60604
                          (312) 353-5312
                          thomas.walsh2@usdoj.gov